Carl J. Hildebrand, 5-1735
Attorney at Law
445 South Park
Casper, WY 82601
(307) 234-2889

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In Re:  Rex Lee Roberts            )        Case # 11-20075
       Whisper Dawn Roberts      )        Chapter 13
       Debtors.                  )

Chapter 13 Plan and Motions __X__ Original ____ Amended Date_____

TAKE NOTICE: This plan contains evidentiary averments which, if not controverted, may be accepted by the Court as true. Any objection to those assertions, to the plan or to claim treatment must be filed in accordance with the Notice of Confirmation served separately. Absent any objection, the Court may accept the values and allegations contained in the plan, grant the motions, and confirm this plan without further notice or hearing.

The debtor proposes this plan and declares:

Payments and Length of Plan. The debtor shall pay to the Chapter 13 Trustee:
    A. $450.00 per month for  36  months, or extended for 60 months, if necessary, provided, however, the final payment can be adjusted to be sure the plan is completed, for a total amount of not less than $16,200.00;
    B. Collected and liquidated property proceeds of: N/A
    C. All tax refunds to which the debtor is entitled during the period of the first 36 plan payments.

    Any tax refunds received by the trustee shall be applied in reduction of claims to be paid through the plan thereby reducing the term of the plan to the extent permissible under the Bankruptcy Code.

**Claim Treatment**: Only filed and allowed claims will be paid. If a discrepancy exists between the amount of a secured claim as filed and the amount of the secured claim set forth in this plan, the plan will control.

**1. Administrative Expenses.** The trustee will pay administrative expenses in full by equal deferred cash payments as follows:

        Attorney fees -pre-petition payment -  $   371.00
                       to be paid by trustee -   $2,629.00
                    total fees & expenses - $3,000.00

**2. Priority Claims.** The following priority claims will be paid in full, unless the holder of a particular claim agrees to different treatment under the plan, as follows:

| Creditor | Allowed Amount | Monthly Payment |
|---|---|---|
| Internal Revenue | $1,420.00 | Through plan |

    DSO: **None**

**3. Secured Claims**

a. Secured claims subject to § 506 and paid in full through the plan. The debtor moves to value the collateral as indicated. The trustee will pay allowed secured claims at the amount of the claim or the value of the collateral to which the creditor's lien attaches, whichever is less. The creditor will retain its lien until the allowed secured portion of the claim is fully paid. The claimant will be deemed unsecured and will be paid as an unsecured creditor for any deficiency balance if the creditor files a timely claim for any deficiency balance remaining.

| Creditor | Collateral | Value | Claim Amount | Interest Rate |
|---|---|---|---|---|
| Capital One Auto Finance | 2003 F250 pickup | $7,525.00 | 13,679.00 | 5% |

(creditor will receive approximately $8,000.00 with interest over the term of the plan)

b. Secured claims not subject to § 506: The following debts either incurred within 910 days before the petition date and secured by a PMSI in a motor vehicle or incurred within one year before the petition date and secured by a PMSI in any other thing of value will be paid as follows: **None**

**4. Defaults Cured.** The trustee will pay these claims pro rata to cure a default or arrearage, and the Debtor shall timely pay the postpetition monthly payments to the creditor due under the contract. Full payment of the amount specified will cure the arrearage and cause any default to be waived notwithstanding the terms of any agreement between the parties to the contrary. In the absence of a written objection, the amount necessary to cure an arrearage and obtain waiver of default will be determined to be the amounts stated.

| Creditor | Collateral | Arrearage | Term | Interest Rate |
|---|---|---|---|---|
| Sams Quality Motors | 2002 Pontiac Grand Am | $270.00 | -- | -- |

**5. Secured Claims for Which Collateral is Surrendered.** The debtor will surrender the following collateral. The claimant is deemed unsecured and will be paid as an unsecured creditor if the creditor files a timely claim for any deficiency balance remaining. **None**

**6. Specially classified unsecured claims.**

Codebtor claims:   The trustee will pay these codebtor claims, together with interest: **None**

**Liens Avoided under § 522(f):** The debtor moves to avoid these liens that impair exemptions. The claims are deemed unsecured and are treated under Class 7 if the creditor files a timely proof of claim. **None**

**7. Unsecured claims.** All non-priority, unsecured claims will be paid pro rata from at least the total sum of $2,261.00, resulting in a distribution to unsecured creditors of approximately 1.9%.

The following nondischargeable unsecured debts will be paid interest at the rate of -0-% during the term of the plan and to the extent allowed under 11 U.S.C. § 1322(b)(10): **None**

**8. Unmodified Claims.** These creditors will be paid directly by the debtor in accordance with the contract terms, and will retain any and all interests in property of the debtor or the estate. This class also includes the following creditors paid under Class 4 of the plan:

| Creditor | Collateral | Value |
|---|---|---|
| Wyo Central FCU | Polaris 4 wheeler | $4,000.00 |
| Sams Quality Motors | 2002 Pontiac Grand Am | $1,000.00 |

**9. Adequate Protection Payments and Payments to Lessors:** The Trustee shall pay the following adequate protection payments or payments on leases of personal property, and shall receive the percentage fee due under the plan on the payments. Upon confirmation, the claims

shall be treated under paragraph 3(a) or 3(b) as indicated.  None

## OTHER PROVISIONS

a. **Executory Contracts Rejected.**  All executory contracts and unexpired leases are rejected and the collateral that is or may be the subject of the leases is abandoned, except the following, on which the debtor will cure all defaults and pay the claimant in accordance with the terms and conditions of the contract:

Bill And Joyce Mobley        contract for title on mobile home and residential lease agreement for mobile home lot

Don Jelinek     lease/purchase 10 acres at 3062 Ten Mile Road (for horses and eventual residence)

b. **Vesting of Property of the Estate:**  Property of the estate shall revest in the debtor:

   XX Upon confirmation of the plan        _____ Upon discharge or dismissal

c. **Application of Proceeds to Debt:**  In all cases where a creditor applies sale or insurance proceeds to a debt treated in this plan, the creditor must file an amended proof of claim within 15 days.

d. **Order of Disbursements:**  With the exception of adequate protection payments disbursed before confirmation, the trustee will disburse payments received under the plan first to administrative claims allowed under §§ 503(b) and 507(a)(1) concurrently and pro rata; and then concurrently to all other classes of claims pro rata.

e. **Lien Retention:**  Allowed secured claim holders shall retain liens until liens are released upon completion of all payments under the plan or the allowed secured claim is paid in full.

## DECLARATION UNDER PENALTY OF PERJURY

We, the undersigned debtors, declare under penalty of perjury that the statements contained in the foregoing Chapter 13 plan are true and correct to the best of our knowledge, information, and belief.
    Dated  February 28, 2011

/s/  Rex Lee Roberts, Debtor

/s/  Whisper Dawn Roberts, Debtor

/s/ Carl J. Hildebrand, Attorney for Debtors

Carl J. Hildebrand, 5-1735
Attorney at Law
445 South Park
Casper, WY 82601
(307) 234-2889

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

In Re:  Rex Lee Roberts            )     Case # 11-20075
      Whisper Dawn Roberts     )     Chapter 13
      Debtors.                 )

CHAPTER 13 PLAN SUMMARY

A.  Total debt provided under the plan and administrative expenses

    1.  Attorney Fees .......................................... **$2,629.00**
    2.  Mortgage Arrearages ..................................... **$ 270.00**
    3.  Secured Claims (list) ................................... **$8,000.00**
    4.  Priority Claims (list) .................................. **$1,420.00**
    5.  Separate Class of Unsecured Claims ...................... **$ -0-**
    6.  All other unsecured creditors ........................... **$2,261.00**

        Total payments to above creditors ....................... **$14,580.00**
        Trustee percentage fee .................................. **$1,620.00**
        Total debtor payments to the plan ....................... **$16,200.00**

B.  Reconciliation with Chapter 7
    1.
        a. Value of real property            $ -0-
            Less secured claims            **($-0-)**
            Less exemptions                **($-0-)**               **$-0-**
        b. Value of personal property       **$17,765.00**
            Less secured claims            **($24,579.00)**
            Less exemptions                **($3,220.00)**          **$-0-**
        c. Value of avoidable transfers                              **$-0-**
        f.  Less unsecured priority claims                           **(1,420.00)**
        g. Less estimated chapter 7 administrative expenses and costs   **(500.00)**
    Total paid under hypothetical chapter 7 to unsecured creditors      **$-0-**

    2. Percent of unsecured, non-priority claims paid under the plan       **1.9 %**

    3. Estimated percentage of unsecured, non-priority claims paid if chapter 7 were filed   **-0-%**

    Dated  February 28, 2011

                                    /s/  Rex Lee Roberts, Debtor

                                    /s/  Whisper Dawn Roberts, Debtor

                                    /s/ Carl J. Hildebrand, Attorney for Debtors